DOCKET NO. 22-13675-BB

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

_____

**JAYNE SWINFORD**,
*Appellant,*
v.
**JOSHUA SANTOS, et al.**,
*Appellees.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
CIVIL ACTION FILE NUMBER NO. 3:21-CV-00090-CAR

_____

**APPELLEES' RESPONSE TO APPELLANT'S EMERGENCY
MOTION TO RECALL MANDATE AND
CONSIDER REHEARING EN BANC**

_____

Sun S. Choy
P. Michael Freed
FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
(770) 818-0000

*Attorneys for Appellees*

## <u>APPELLEES' CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT</u>

COMES NOW Appellees and, under Rule 26.1 of the Federal Rules of Appellate Procedure and Eleventh Circuit Rules 26.1-1 through 26.1-3, hereby files this Certificate of Interested Persons and Corporate Disclosure Statement. The following is a complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

1)     Athens-Clarke County, Georgia -- Appellee

2)     Baker, John Hollis – Attorney for Appellant

3)     Baker & Slider, LLC – Attorneys for Appellant

4)     Bidinger, Charles – Appellee

5)     Brit Global Specialty USA Insurance Company – Insurer for Appellees.  Brit Global Specialty USA Insurance Company is a Fairfax Financial Holdings Limited company.  Fairfax Financial Holdings Limited is a publicly-traded company (FRFHF).

C-1

6)      Choy, Sun S. – Attorney for Appellees

7)      Freed, P. Michael – Attorney for Appellees

8)      Freeman Mathis & Gary, LLP – Attorneys for Appellees

9)      Greenlow, William – Appellee

10)     Johnson, Claude -- Appellee

11)     Leder, Richard -- Appellee

12)     McIlvaine, Jonathon – Appellee

13)     Royal, The Honorable C. Ashley – United States District Court
        Judge

14)     Santos, Joshua – Appellee

15)     Cleveland, Spruill – Appellee

16)     Swinford, Jayne – Appellant

17)      Williams, Jr., Roger -- Appellee

Seventy-nine days after the fact, Appellant Jayne Swinford asks this Court to take the remarkable step of recalling its mandate based on a recent opinion that does not affect this Court's decision affirming qualified immunity for the Appellee police officers. In substance, Swinford's motion is nothing more than another request for reconsideration. By any name, it fails.

As a brief review, the district court granted seven Athens-Clarke County police officers qualified immunity from Swinford's § 1983 excessive force claim. This Court affirmed and later denied Swinford's motion for panel rehearing. (Docs. 41-1 and 45). The Court issued its mandate on December 23, 2024.

Seeking yet another bite at the apple, Swinford seeks a recall of the mandate so the Court might reconsider its ruling *en banc* in light of its recent decision in *Miller v. Palm Beach County Sheriff's Office*, No. 23-13753, 2025 WL 631192 (11th Cir. Feb. 27, 2025). *Miller* reversed a district court's denial of qualified immunity to several deputy sheriffs on their motion to dismiss, holding that the district court erred in reserving ruling until summary judgment. *Id.* at *3. Consistent with the general rule, the Court instructed the district court to conduct a "claim-

1

by-claim and defendant-by-defendant" qualified immunity analysis on remand. *Id.* at 2-3 (citing *Alcocer v. Mills*, 906 F.3d 944, 951 (11th Cir. 2018)).

The Court's decision here does not conflict with *Miller*. The Court has already confronted and resolved the individual/collective qualified immunity analysis issue in its opinion. *Swinford v. Santos*, 121 F.4th 179, 191 (11th Cir. 2024). It acknowledged *Alcocer's* general rule that "'each defendant is entitled to an independent qualified-immunity analysis as it relates to his or her actions and omissions' and thus courts 'must be careful to evaluate a given defendant's qualified-immunity claim, considering only the actions and omissions in which that particular defendant engaged.'" *Id.* (quoting *Alcocer*, 906 F.3d at 951). But it rejected Swinford's argument that the rule requires reversal. *Id.*

The Court provided two reasons. First, Swinford "brought her excessive force claim against the officers based on their collective actions, rather than individually." *Id.* Second, Swinford failed to preserve the issue by not raising it in response to the officers' motion to dismiss. *Id.*

*Miller* speaks to neither. The *Miller* plaintiff brought a separate count against each deputy, and there is no sign that she based her claims on their alleged collective actions. *Miller*, 2025 WL 631193, at *1. In contrast, Swinford alleged her § 1983 claim against the officers collectively based on the same alleged conduct. (M.D. Ga. Doc. 1-1 at 25-28.) *Miller* also never mentions any failure to preserve the individual qualified immunity analysis issue in the district court, leading to the presumption that it was sufficiently preserved. Not so here.

*Miller* did not change the law. It merely reiterated the *Alcocer* rule that this Court has already addressed in this case. As a result, it provides no reason for the extraordinary relief Swinford seeks.

The same reasons show that Swinford has not met the standard for recalling the mandate.[1] "A mandate once issued shall not be recalled

---

[1] Swinford casts her motion as an "emergency motion" but fails to satisfy the requirements for that relief. A party seeking emergency relief must show (i) the likelihood she will prevail on the merits; (ii) the prospect of irreparable injury if the relief is not granted; (iii) the possibility of harm to other parties; and, (iv) the public interest. 11th Cir. R. 27-1(b)(2). Swinford has not shown any of those criteria. As discussed above, her position that *Miller* warrants recalling the mandate to allow for rehearing *en banc* fails on its merits. She has not shown any irreparable harm; her motion contemplates petitioning for a writ of certiorari from the Supreme Court, demonstrating the right to seek further relief. And she makes no attempt to show the possibility of

except to prevent injustice." 11th Cir. R. 41-1(b). Swinford's motion does

not demonstrate any injustice that would be prevented by recalling the

mandate. It shows only her ongoing disagreement with the Court's

decision. In reality, her motion is nothing more than another request for

reconsideration. That is not enough.

     For these reasons, the Court should deny Appellants' Emergency

Motion to Recall Mandate and Consider Rehearing En Banc.

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

*/s/ P. Michael Freed*
Sun S. Choy
Georgia Bar No. 025148
schoy@fmglaw.com
P. Michael Freed
Georgia Bar No. 061128
michael.freed@fmglaw.com

*Attorneys for Appellees*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(833) 330-3669 (facsimile)

---

harm to the officers (she cannot) or how the relief she seeks would serve
the public interest.

## CERTIFICATE OF COMPLIANCE

1.    This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 710 words. This word count was derived in reliance on the word count of the word-processing system (Microsoft Word) used to prepare this document.

2.    This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in proportionally-spaced typeface using Microsoft Word in Century Schoolbook, 14-point font.

Dated: March 12, 2025.

/s/*P. Michael Freed*
P. Michael Freed
Georgia Bar No. 061128

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing **Appellees' Response to Appellant's Motion to Recall Mandate and Consider Rehearing En Banc** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants, whom I am also serving by First Class Mail.

John Hollis Baker, Esq.
Baker & Slider, LLC
298 E. Washington Street
Athens, Georgia 30601
jbaker@georgialawyerteam.com
(706)208-1514


Dated: March 12, 2025.

*/s/P. Michael Freed*
P. Michael Freed
Georgia Bar No. 061128

6